UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:                                              :
                                                    :
DAVID L. FULLER and                                 :    Chapter 13
BETSY L. FULLER,                                    :    Case No. 08-40791-JBR
                                                    :
        Debtors.                                    :
                                                    :
_____                 :
                                                    :
DAVID L. FULLER and                                 :
BETSY L. FULLER,                                    :
                                                    :
        Plaintiffs                                  :    Adversary Proceeding
                                                    :    No. 08-04058
v.                                                  :
                                                    :
DEUTSCHE BANK NATIONAL TRUST                        :
COMPANY, as Trustee for the registered              :
Holders of CDC Mortgage Capital Trust               :
2003-HE4, Mortgage Pass-Through                     :
Certificates, Series 200-HE4, ENCORE                :
CREDIT CORP., and BEAR STEARNS                      :
RESIDENTIAL MORTGAGE CORP.,                         :
                                                    :
        Defendant.                                  :
_____                 :


**MEMORANDUM OF DECISION ON MOTIONS FOR SUMMARY JUDGMENT**

        This matter came before the Court on the Plaintiffs' (hereinafter the Fullers) Motion for

Summary Judgment [docket #60] and the Defendant's (hereinafter Deutsche Bank) Motion for

Summary Judgment [docket #67]. For the reasons elaborated herein, summary judgment will

issue in favor of Deutsche Bank.

        On August 12, 2003, the Fullers refinanced their home mortgage with Encore Credit

1

Corporation. Later that year, Encore assigned the mortgage to the defendant Deutsche Bank, who continues to hold the mortgage.

Counts I and II of the Fullers' Amended Complaint [docket #12] seek recission of the Fullers' home mortgage on the grounds that the notices the Fullers received at the time they refinanced their mortgage did not contain certain disclosures required by statute. Count III is a consumer-protection claim essentially contingent on the outcomes of Counts I and II.

At an earlier juncture in the case, Deutsche Bank moved to dismiss Counts I and III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). After a hearing, the Court suspended all action on Deutsche Bank's Motion to Dismiss, pending the Court of Appeals' resolution of several cases involving similar issues. In the meantime, the parties augmented the record with affidavits and documentary evidence. The Court of Appeals has issued its decisions and the parties have fully briefed the issue of summary judgment; the Court is now prepared to make its ruling.

Summary judgment should be granted where "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (incorporating Fed. R. Civ. P. 56). "[A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting the federal rule). The burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact. *Id.*

**Count I**

The federal Truth in Lending Act ("TILA") gives home mortgagors the right to rescind their mortgage transaction during a three-day period following the consummation of the transaction. 15 U.S.C.§ 1635(a) (2006).[1] TILA requires mortgagees to provide notice of the three-day period, and failure to do so can be very costly; until proper notice is given, the mortgagor may, within the confines of the applicable statute of limitations, rescind the mortgage transaction at any time and pursue additional damage claims.[2]

The Fullers allege that the notice they received was inadequate because of two discrepancies in the documents they received: 1) the transaction date was inaccurately stated as "8/11/03," rather than the undisputed actual date of August 12, 2003, and 2) the recission deadline was left blank. In support of this factual contention, the Fullers produce unsigned copies of the Notice of Right to Cancel, one for each of the Fullers, and insist, in their sworn affidavits, that the copies they signed did not contain the requisite dates.

Deutsche Bank responds that the dates were in fact provided, pointing to two copies of the Notice of Right to Cancel, each signed by one of the Fullers. In these copies, the "11" in the

---

[1] Instead of TILA, the Fullers base their complaint on TILA's Massachusetts counterpart, the Consumer Credit Cost Disclosure Act, codified as Mass. Gen. Laws ch. 140D. Because of the overwhelming similarity of the two statutes, the Massachusetts statute is construed in accordance with federal law interpreting TILA. *In re Desrosiers*, 212 B.R. 716, 722 (Bankr. D. Mass. 1997). In the interest of efficiency, the Court will use "TILA" as a blanket term referring to both the Massachusetts and federal statutes.

[2] The applicable statute of limitations is one of the few differences between the Massachusetts and federal iterations: "TILA contains a one-year statute of limitations for a damage claim, § 1640(e), and a three-year statute of limitations for a rescission claim, § 1635(f), while the limitation period for both remedies under CCCDA is four years, Mass. Gen. Laws ch. 140D, § 10(f) (statute of limitations regarding right of rescission), Mass. Gen. Laws ch. 260, 5A (1997) (statute of limitations regarding right to damages)." *Id.*

incorrect "8/11/03" is crossed out, and "12" handwritten in its place, and the correct recission date of 8/15/03 is handwritten in the appropriate blank.

It dismays the Court that, were either party's version of the facts taken as the truth, one of the parties would be making a serious misrepresentation of the events surrounding the mortgage transaction. But the Court does not need to reach whose version of the facts is accurate, because under recent cases decided by the First Circuit Court of Appeals, the notice the Fullers received was sufficient, whether their representations are believed or not.

The form and extent of the notice required by TILA has been promulgated by the Federal Reserve Board in 12 C.F.R. §226.23, commonly known as Regulation Z. Under Regulation Z, a mortgagee must "clearly and conspicuously disclose . . . . [t]he date the recission period expires." 12 C.F.R. §226.23(b)(1). However, failure to do so explicitly is not necessarily fatal to a TILA disclosure. In *Palmer v. Champion Mortgage*, the First Circuit Court of Appeals took a substantial step away from a number of circuits that interpreted Regulation Z as mandating strict compliance; instead, *Palmer* applied a standard of objective reasonableness "from the vantage point of a hypothetical average consumer." 465 F.3d 24, 28 (1st Cir. 2006) (Selya, J.) *Contra,* e.g., *In re Porter*, 961 F.3d 1066 (3d Cir. 1992); *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986); *Williamson v. Lafferty*, 698 F.2d 767 (5th Cir. 1983).

Very recently, in *Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009), the Court of Appeals affirmed the continued validity of the *Palmer* standard and applied it to facts very similar to those in the instant case. In *Melfi*, the recission date was left blank, giving rise to the argument that the hypothetical average consumer could not be relied upon to calculate the proper date accurately. The court handily rejected this argument, however, stating that "there is no

4

evidence in TILA or any Board regulation that either Congress or the Board intended to render the [notice of right to cancel] a nullity because of an uncompleted blank in the form or similar flaw where, as here, it could not possibly have caused [the borrower] to think he had months in order to rescind." *Id.* at 313.

As in *Melfi*, the borrower's claim here must fail because, even if it were taken as fact that the recission date was left blank and the wrong transaction date was given, the form would be sufficient to give the hypothetical average consumer notice of the recission deadline. The Fullers' attempt to distinguish *Melfi* (on the grounds that the mistake in the transaction date irreparably compounded the confusion caused by the blank recission deadline) is equally unavailing. The incorrect typed transaction date would not have caused serious confusion, considering the uncontroverted fact that each of the Fullers printed the correct transaction date next to their signature at the bottom of the page.

**Count II**

The Fullers also contend that the originator of their mortgage failed to make the so-called "high cost mortgage loan" disclosures required by 209 Mass. Code Regs. 32.32. In opposition, Deutsche Bank produces copies of all of the required disclosures, dated on the day of the transaction, August 12, 2003, each bearing the Fullers' signatures. Exhibit 3 to Quat Affidavit, No. 59. The Fullers weakly respond that they "do not recall receiving any of the disclosures." Plaintiffs' Memorandum of Law in Opposition to Deutsche Bank's Motion for Summary Judgment at 16, No. 81. Mere deficiencies in the Fullers' memory of the transaction will not survive even the most deferential summary-judgment reading of the facts, when faced with evidence that the disclosures were in fact provided.

**Count III**

The Fullers also assert that they are entitled to double or treble damages and attorney's fees under the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A, because Deutsche Bank's alleged failure to conform to the statutory notice requirements was an unfair or deceptive trade practice. Because the Court holds that the notice received by the Fullers complied in substance with the applicable state and federal laws, Count III is untenable.

**Conclusion**

For the reasons set forth herein, the Fullers' Motion for Summary Judgment is DENIED and Deutsche Bank's Motion for Summary Judgment is GRANTED. A separate order will issue.

Dated: October 6, 2009

Hon. Joel B. Rosenthal
U.S. Bankruptcy Judge

6