# United States Bankruptcy Court
# District of Massachusetts

| | |
|---|---|
| In re: ) | |
| ) | |
| DAVID L. FULLER and BETSY L. FULLER, ) | Chapter 13 |
| DEBTORS. ) | Case No.08-40791-JBR |
| _____ ) | |
| DAVID L. FULLER and BETSY L. FULLER, ) | |
| PLAINTIFFS, ) | |
| v. ) | Adv. Proc. 08-4058 |
| DEUTSCHE BANK NATIONAL COMPANY, ) | |
| *et al.*, ) | |
| DEFENDANTS. ) | |
| _____ ) | |

**DECISION AND ORDER REGARDING MOTION FOR RECONSIDERATION [# 92]**

This matter came before the Court on the Plaintiffs' Motion for Reconsideration of Order on Motions for Summary Judgment [# 92] (the "Motion for Reconsideration") entered on the docket on October 6, 2009. Alternatively the Motion for Reconsideration requests certification of such questions as this Court deems appropriate to the Massachusetts Supreme Judicial Court. After due consideration of the Motion for Reconsideration, the Motion Plaintiffs' Motion for Summary Judgment [# 60], the Defendant Deutsche Bank's Motion for Summary Judgment [#67], the accompanying pleadings and oppositions thereto, and the Defendant Deutsche Bank's Opposition to the Motion for Reconsideration [#93], the Court hereby makes the following findings of fact and conclusions of law:

1. A motion to reconsider is governed by Fed. R. Civ. P. 59(e) made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 or Fed. R. Civ. P. 60 made applicable to bankruptcy cases by Fed. R. Bankr. P. 9024. Although the Debtors fail to identify which rule they believe

governs, as the Defendant notes in its opposition, if the Motion for Reconsideration were governed by Rule 9023, it is untimely as such motions are required to be entered within 10 days after entry of the judgment.

    2. If the Motion for Reconsideration is governed by Rule 9024, which the Defendant asserts is the operative rule, it is timely as it was filed within a reasonable time. *See* Fed .R. Civ. P. 60(c). Yet "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. A party may not submit evidence that is not newly discovered in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert denied*, 476 U.S. 1171 (1986) (citations omitted). A motion for reconsideration is appropriate when there has been a significant change in the law or facts since the submission of the issue to the court; it is not a vehicle for an unsuccessful party to rehash the same facts and same arguments previously presented. *Keyes v. National Railroad Passenger*, 766 F. Supp. 277, 280 (E.D.Pa. 1991).

    3. The Motion for Reconsideration fails to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome.

    4. The Motion for Reconsideration seeks certification of issues of law to the Supreme Judicial Court to determine whether Massachusetts would adopt the standard set forth by the Court of Appeals for the First Circuit in *Melfi v. WMC Mortgage Corp.*, 568 F.3d 309 (1st Cir. 2009), for cases brought pursuant to the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA") as an alternative to this Court's reconsidering its October 6, 2009 orders. The Plaintiffs, however, offer nothing to support their request for certification at this stage of the proceeding, other than their displeasure with the outcome of the summary judgment motions.

Indeed the Plaintiffs acknowledged that because the MCCCDA was closely modeled on the federal Truth in Lending Act ("TILA), "it can be appropriate to refer to the provisions of the federal statute and regulations." *See* Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment on Counts II and III of the First Amended Complaint at footnote 1.

    For the foregoing reasons, the Motion is hereby DENIED.

Dated: November 4, 2009

                                              Joel B. Rosenthal
                                              United States Bankruptcy Judge.